

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

### NO. WR-91,153-02

### EX PARTE JEREMY DEAN GILBERT, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS CAUSE NO. 28253 HC-2 IN THE 6TH DISTRICT COURT FROM LAMAR COUNTY

*Per curiam*.

### O R D E R

Applicant was convicted of theft of property-less than $2,500 (with two or more previous convictions) and theft of property-greater than $2,500 and less than $30,000 and sentenced to twenty years' imprisonment on each of the two counts. The Sixth Court of Appeals affirmed his conviction. *Gilbert v. State*, No. 06-19-00084-CR (Tex. App. — Texarkana, Oct. 29, 2019). Applicant filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant contends that appellate counsel was ineffective because he failed to timely notify Applicant of the decision in his direct appeal so that Applicant could file a petition for discretionary review. Applicant has alleged facts that, if true, might entitle him to relief. *Smith v. Robbins*, 528

U.S. 259 (2000); *Ex parte Miller*, 330 S.W.3d 610 (Tex. Crim. App. 2009). Accordingly, the record should be developed. The trial court is the appropriate forum for findings of fact. TEX. CODE CRIM. PROC. art. 11.07, § 3(d). The trial court shall order appellate counsel to respond to Applicant's claim. In developing the record, the trial court may use any means set out in Article 11.07, § 3(d). If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wants to be represented by counsel, the trial court shall appoint counsel to represent him at the hearing. *See* TEX. CODE CRIM. PROC. art. 26.04. If counsel is appointed or retained, the trial court shall immediately notify this Court of counsel's name.

The trial court shall make findings of fact and conclusions of law as to whether appellate counsel failed to timely notify Applicant of the status of his direct appeal. The trial court shall make findings of fact and conclusions of law as to whether appellate counsel's performance was deficient and Applicant was prejudiced. The trial court may make any other findings and conclusions that it deems appropriate in response to Applicant's claim.

The trial court shall make findings of fact and conclusions of law within ninety days from the date of this order. The district clerk shall then immediately forward to this Court the trial court's findings and conclusions and the record developed on remand, including, among other things, affidavits, motions, objections, proposed findings and conclusions, orders, and transcripts from hearings and depositions. *See* TEX. R. APP. P. 73.4(b)(4). Any extensions of time must be requested by the trial court and obtained from this Court.


Filed: August 19, 2020
Do not publish